Alfred W. "Sonny"
AUTHENREITH, Appellant,

v.

John CONNER and George
Carrington, Respondents.

No. WD 38996.

Missouri Court of Appeals,
Western District.

May 31, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 2, 1988.

Application to Transfer Denied
Sept. 13, 1988.

Carrie Francke of Powell, Seitz & Francke, Columbia, for appellant.

Diane Garber, Callaway County Pros. Atty., Fulton, for respondents.

Before GAITAN, P.J., and MANFORD and NUGENT, JJ.

MANFORD, Judge.

This is a direct appeal from a judgment of dismissal of a proceeding seeking an election recount or alternatively, a new election. This proceeding was commenced pursuant to and in conformity with Sections 115.541, 115.545, 115.553, 115.575.2, 115.577, 115.583, 115.593, and 115.601, RSMo 1986. The trial court ruled it was without jurisdiction due to the failure of service of process and dismissed the proceeding. The judgment is reversed and the cause remanded with directions.

Appellant has formally raised three points, all of which challenge the trial court's ruling that it was without jurisdiction. These charged errors are not specified herein. The reasons serving as the basis of disposition of this appeal are set forth *infra*.

It should be noted that respondent has presented other issues as well which, at the close of this decision, are both specified and addressed by this court.

Since it is obvious that many months have lapsed since the disputed election was conducted, in addition to an account of the pertinent facts, a brief explanation relative to events following the hearing by the trial court is perhaps in order.

The election was held November 4, 1986, for the office of the Eastern District Commissioner for Callaway County, Missouri. Appellant Authenreith[1] was the Republican candidate and respondent, John Conner[2], was the Democratic candidate. The election results were certified by respondent, George Carrington, the Callaway County Clerk, on November 6, 1986. The certification showed that appellant received 2,054 votes and respondent, Conner, received 2,070 votes. On December 4, 1986, appellant filed a contest of the election pursuant to Sections 115.601, 115.553, and 115.557, RSMo 1986.

A hearing was conducted. The circuit court ruled that it was without jurisdiction. An appeal to this court followed. This court, after wrestling with the issue, handed down its opinion pursuant to Rule 84.16(b), affirming the judgment on September 1, 1987. Motions to rehear and transfer were denied by this court. Appellant filed his motion to transfer to the Missouri Supreme Court. On May 17, 1988, this cause was retransferred to this court by the Missouri Supreme Court with an order to this court to re-examine its opinion in light of the ruling by the Missouri Supreme Court in *Foster v. Evert*, 751 S.W.2d 42 (1988).

---

1. The names "Authenrieth" and "Authenreith" are used interchangeably throughout the record. To be consistent, the name "Authenreith" will be used.

2. The names "Conner" and "Connor" are both used interchangeably throughout the record. To be consistent, the name "Conner" will be used throughout the opinion.

Appellant's petition is in two counts. Count I seeks a recount of election ballots. Count II alleges irregularities of the election process and challenged the election. Appellant's petition was filed within the time prescribed by statute.

From the documents of record and from the testimony at the hearing, the following emerged:

At the time appellant filed his petition, through counsel, a letter was attached to the petition prescribing that service of process was to be accomplished in accordance with Section 115.579. Not only was the letter attached, but counsel discussed service with the circuit clerk, one Opal Heying. Heying testified as to her additional actions in the matter. She noted on the summons form a provision for a thirty-day period for process. She crossed through that number and inserted the number "15" (fifteen). She stated that she inquired of a circuit judge about the matter, and the judge stated, "Opal, you do know that summons has to be served within two days ... you should be sure and call the Sheriff and alert him to this fact." Heying further testified that she informed the sheriff of the time limit on service which was in response to the judge's instructions. Heying testified further that she made no posting of the petition in her office. As circuit clerk, she caused to be issued two summons directed to each of the respondents. Heying explained the summonses are in a carbon pack consisting of white, pink, and yellow copies. The pink copies are returned to her, with the white and yellow copies being sent to the sheriff. She stated that the copies were sent to the sheriff and he is required to return the white copy to her after service is obtained. Heying stated that since she needed to get the file to the judge, she called the sheriff for and received the white copies of service from him.

The record reveals that the sheriff's office filed with the circuit clerk two returns of service (signed by a sheriff's deputy), including the assessment of fees. The date on the return shows December 5, 1986.

This court was advised that on November 6, 1986, appellant's counsel inquired of and was assured by the circuit clerk that service had been obtained.

The hearing also included testimony by two sheriff's deputies. While their testimony is not actually important to the decision in this matter, this court does note their testimony suggests either a very poor execution of responsibilities or a serious lack of understanding of their responsibilities. The same also might be said of the office of the circuit clerk.

Respondent Carrington testified that he received a copy of appellant's petition but no summons. Respondent Conner testified that he also received a copy of appellant's petition but no summons. It had been the testimony of one of the sheriff's deputies that he showed the summons to both respondents but both denied ever seeing a summons.

Prior to the hearing, both respondents had filed a Motion to Dismiss and Answer. Conner answered, challenging the court's jurisdiction over his person because the service of process was insufficient in that he was never served with both the petition and summons, nor was there any posting of appellant's petition by the circuit clerk. Conner further answered, alleging that the process was insufficient because the summons stated that any answer was to be filed within fifteen days of service of the summons, whereas Section 115.579.3, RSMo 1986, provides an answer must be filed within fifteen days of the date of the filing of the petition.

Conner went on to allege that appellant's petition failed to state a cause of action. This issue and others will be addressed at the conclusion of this opinion.

Respondent's motion/answer made the same response and allegations referenced in the motion/answer of respondent Conner.

At the close of the hearing, the circuit court made the following ruling:

It's clear to the Court that there was no Summons served. So, regardless of the form of the Summons, if it hasn't been served, it seems to me that there is

a lack of jurisdiction, period. I think it might be a closer question whether, on its face, perhaps it is incorrect. But, as in the Mitchell case, where the clerk, and in fact, this very clerk, made a similar kind of mistake, it's not—I mean, there are other actions, lawsuits, that one may have, but it is not an election contest when a public official fails to comply either with the service responsibility or to some other matter.

And, you know, I am convinced that the Rules of Civil Procedure govern, as far as service and whether or not, as the Plaintiff has answered, that, by not titling the Motion to Dismiss a special appearance for the purpose of contesting jurisdiction of the—I don't think you have to do that and I think it's been been (sic) properly raised.

I will show the Plaintiff appears in person and by Prosecuting Attorney. Motion to Dismiss is heard and sustained. I don't think the fault is through the Plaintiff, but I do belief (sic) it is jurisdictional, and I don't have any authority to rule otherwise. It is not a mere technicality.

A timely appeal to this court followed.

This court, being convinced that appellant in good faith had done all he could and was required to do to have the dispute decided, was faced with the equally important matter that election disputes should be determined expeditiously and that a contestee is as equally entitled to the benefits and/or obligations of our statutory law.

This court rendered its opinion pursuant to Rule 84.16(b), affirming the circuit judgment of dismissal for lack of jurisdiction under the authority of *State ex rel. Metal Service Center of Georgia, Inc. v. Gaertner*, 677 S.W.2d 325 (Mo. banc 1984); *State ex rel. White v. Marsh*, 646 S.W.2d 357 (Mo. banc 1983), and *State ex rel. Craig v. Grimm*, 542 S.W.2d 335 (Mo.App.1976).

Because of the decision by the Missouri Supreme Court in *Foster v. Evert, supra*, the issues presented previously which occasioned this court to rely upon *Gaertner* and *Marsh, supra*, are no longer applicable to these proceedings.

In *Craig*, it had been ruled that in election contests, service of process was requisite and the summons on the petition was to be returnable on the day designated by the court. This ruling was based upon the reading and interpretation of Section 115.-579.1, RSMo 1986.

The Missouri Supreme Court in *Foster v. Evert, supra*, has made the following declarations: Actions in election contest cases are actions in rem; that personal service over the contestee is not requisite for the trial court to acquire jurisdiction; and that *Craig*, in so far as that case prescribes such a requirement for purposes of jurisdiction, is to be followed no longer.

In *Craig* and *Foster, supra*, as with the present case, summonses are issued upon the standard 30–day form. The one thing distinguishing this case is the action by the Circuit Clerk in striking through the 30–day notice and the insertion of the number "15". This court holds this is a matter of no importance and does not take the present proceedings from under *Foster, supra*.

■ In this court's interpretation of *Foster, supra*, the standard summons form may be used in election cases and such use does not divest the trial court of jurisdiction. This interpretation is based upon direct language within *Foster* which states, "Under the facts of the case, the thirty day summons, though erroneous, did not divest the trial court of jurisdiction over the election contest." On this point, this court finds nothing to distinguish the present proceedings from *Foster, supra*.

In the present case, as noted above, respondents filed their Motion to Dismiss and Answer. The Missouri Supreme Court, in *Foster*, took up the question of an answer by a contestee. The court noted that Section 115.579.3, RSMo 1986, allows a contestee to file an answer within 15 days, but upon failure to file an answer, default may not be entered. The court went on to note that after expiration of the 15 days, Section 115.581, RSMo 1986, requires the trial court to set the case for trial immediately. In *Foster*, the contestee filed no answer.

The Missouri Supreme Court declared, "he waited until the expiration of the fifteen days, assuming at his peril that the summons issued was insufficient to vest jurisdiction in the court after the expiration of that time."

Respondents herein, as the record reflects, filed their motions/answers 14 days after the date of filing of appellant's petition. They argue that the summons is defective because it required service, whereas Section 115.579.3, RSMo 1986, requires the filing of an answer within 15 days of the date of the filing of the petition. This point is not specifically addressed in *Foster*, but a reading of that decision clearly reveals that respondent's contention on this point is no longer valid.

■ The fact that respondents filed their motions/answers does not take this case from under the ruling in *Foster*. It is noted that since *Craig, supra*, is to be no longer followed concerning the summonses, if this court correctly interprets *Foster*, *supra*, there no longer exists the requirement of the circuit court to affix upon a summons a day designated by the circuit court as prescribed by Section 115.579.1, RSMo 1986.

It is further noted that the supreme court in *Foster* makes no specific disposition relative to the posting provision within Section 115.579.1, and since the present case does not involve that issue, this court undertakes no consideration of it.

This court is bound to follow the latest ruling by the Missouri Supreme Court. *Swillum v. Empire Gas Transport, Inc.*, 698 S.W.2d 921, 926 (Mo.App.1985). Pursuant to the ruling by the Missouri Supreme Court in *Foster, supra*, the judgment of the circuit court must be reversed.

As noted earlier, issues other than the challenge to the circuit court's jurisdiction on the basis of the summons have been presented to this court. These issues are (1) that respondent Carrington is not a proper party; (2) the petition does not state a cause of action regarding the irregularity of the election process; (3) appellant has no claim as he was not a candidate in the part of the county involved, and (4) the statute of limitations has run. These issues are set forth specifically because of this court's direction to the circuit court, *infra*. They certainly are issues which might well be presented in any election contest proceedings.

The judgment of the circuit court is reversed pursuant to the ruling of the Missouri Supreme Court in *Foster v. Evert*, 751 S.W.2d 42 (1988). This cause is remanded to the circuit court for further proceedings and determination of the issues to be presented. The circuit court is ordered and directed to allow all parties to freely amend their pleadings to properly join the issues and/or to permit all parties to request that the pleadings be amended to conform to the evidence if a timely motion therefor be presented.

All concur.