

# In the Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| RYAN A. SILVEY, | ) | |
| Appellant, | ) | |
| v. | ) | WD80042 |
| | ) | |
| J. RANEN BECHTHOLD; CLAY | ) | |
| COUNTY BOARD OF ELECTION | ) | FILED: September 20, 2016 |
| COMMISSIONERS, | ) | |
| Respondents. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF CLAY COUNTY
THE HONORABLE JANET L. SUTTON, JUDGE

### BEFORE SPECIAL DIVISION: VICTOR C. HOWARD, PRESIDING JUDGE,
JAMES E. WELSH AND LISA WHITE HARDWICK, JUDGES

Ryan A. Silvey appeals the judgment denying his petition to challenge the qualifications of J. Ranen Bechthold to run for the position of state senator in Missouri Senate District 17. Silvey contends the circuit court had no authority to extend the deadline for Bechthold to file an answer to Silvey's election contest petition and that Bechthold's failure to file an answer within the statutory time required a default judgment or judgment on the pleadings in Silvey's favor. For reasons explained herein, we affirm.

**Factual and Procedural History**

On August 15, 2016, Silvey, the Republican nominee for election to Missouri Senate District 17, filed a petition seeking to have Bechthold, the Democratic nominee for the same senate seat, disqualified on the basis of residency.[1] Three days later, on August 18, Silvey filed an amended petition that added additional facts regarding Bechthold's alleged residency.

On August 22, the court held a preliminary hearing. Counsel for Silvey and the Clay County Board of Election Commissioners appeared.[2] Bechthold appeared without counsel. No transcript of this preliminary hearing appears in the record on appeal. The court set the case for trial on August 29.

On August 23, counsel for Bechthold entered his appearance. On August 24, Silvey and Bechthold were each deposed. Also on that day, Silvey filed a motion for default judgment or, in the alternative, judgment on the pleadings. In the motion, Silvey argued that, during the August 22 preliminary hearing, the court informed Bechthold that he would be in default if he did not file an answer by August 23. Because Bechthold did not file an answer by August 23, Silvey asserted that Bechthold was in default and that Silvey was entitled to either a default judgment or a judgment on the pleadings.

---

[1] Article III, section 6 of the Missouri Constitution provides that a state senator shall have been a resident of the district that he is chosen to represent for one year. Silvey alleged that Bechthold had not been a resident of District 17 for one year prior to either the primary or general election.

[2] Section 115.533.2, RSMo 2000, provides that, after an election contest petition is filed, the circuit clerk is to send a certified copy of the petition to the election authority responsible for conducting the election.

Bechthold filed an answer on August 26.  In his answer, Bechthold responded to the allegations in the amended petition and set forth several facts supporting his defense that he satisfied the residency requirements.[3]  Bechthold also filed a motion to file his answer out of time.

On August 29, before the trial on Silvey's amended petition to disqualify Bechthold, the court heard arguments on Bechthold's motion to file his answer out of time and Silvey's motion for default judgment or, in the alternative, for judgment on the pleadings.  The court granted Bechthold's motion to file his answer out of time.  The court denied Silvey's motion for default judgment or judgment on the pleadings after finding that the filing of an answer in response to an election contest petition is permissive and not mandatory.

A bench trial was held on Silvey's amended petition to disqualify Bechthold.  The court subsequently entered a judgment in favor of Bechthold.  The court found that the "overwhelming majority of the evidence demonstrates that Bechthold has always intended to be, has always maintained, and but for his service as a soldier in the US Army, has always been physically a resident within Missouri Senate District 17."  Silvey appeals.

---

[3] Bechthold erroneously referred to these facts as "affirmative defenses."  An affirmative defense is "'[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all the allegations in the complaint are true.'" *Ressler v. Clay County*, 375 S.W.3d 132, 140 (Mo. App. 2012) (quoting BLACK'S LAW DICTIONARY 482 (9th ed. 2009)).  Bechthold's facts did not assume that Silvey's allegations about his residency were true; instead, they challenged the veracity of Silvey's allegations.  Bechthold's facts constituted simply a defense to Silvey's disqualification claim, not affirmative defenses.

**STANDARD OF REVIEW**

Appellate review of an election contest petition is under the standard of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *In re Contest of Primary Election Candidacy of Fletcher*, 337 S.W.3d 137, 139 (Mo. App. 2011). Therefore, we will affirm the circuit court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id*. at 139-140. We review issues of law, including questions of statutory interpretation, *de novo*. *Chastain v. Kansas City Missouri City Clerk*, 337 S.W.3d 149, 154 (Mo. App. 2011).

**ANALYSIS**

Silvey's points on appeal challenge the circuit court's handling of Bechthold's failure to file his answer within the time frame provided by statute. In Point I, Silvey contends the court erred in allowing Bechthold to file his answer out of time and in allowing him to submit evidence relating to the defense set forth in his answer. In Point II, Silvey asserts the court erred in denying his motion for default judgment or judgment on the pleadings based on Bechthold's failure to file a timely answer.

The legislature established specific rules for election contests in Chapter 115.[4] *Foster v. Evert*, 751 S.W.2d 42, 44 (Mo. banc 1988). These "statutory requirements are clear and unambiguous." *Id*. The election contest procedures set

---

[4] All statutory references are to the Revised Statutes of Missouri 2000, as updated by the 2013 Cumulative Supplement.

4

forth in Chapter 115 "'are exclusive and must be strictly followed as substantive law.'" *Id*. (quoting *Hockemeier v. Berra*, 641 S.W.2d 67, 69 (Mo. banc 1982)).

Silvey filed his amended petition to disqualify Bechthold on the basis of residency under Section 115.526. This statute allows any candidate for election to an office at a general election to challenge the qualifications of any other candidate for election to the same office to seek or hold such office or to have his name printed on the ballot. § 115.526.1. Section 115.526.2 states that "[a]nswers to the petition may be filed at the time and as provided in sections 115.527 to 115.601, specifying the qualifications of the candidate for holding the office for which he is a candidate for election or for nomination." Section 115.533.3 provides that, "[n]ot later than four days after the petition is filed, the contestee may file an answer to the petition, specifying reasons why his nomination should not be contested." Silvey argues that this provision *required* Bechthold to file an answer to the election contest petition within four days. He contends the court had no authority to extend this deadline and was required to enter a default judgment or judgment on the pleadings in his favor.

Silvey's argument ignores the statutes' plain language. "The primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute at issue." *Crawford v. Div. of Emp't Sec.*, 376 S.W.3d 658, 664 (Mo. banc 2012). Section 115.526.2 provides that "[a]nswers to the petition *may* be filed at the time and as provided in sections 115.527 to 115.601," while Section 115.533.3 provides that "the contestee *may* file an answer" within

four days.  (Emphasis added.)  "'It is the general rule that in statutes the word "may" is permissive only, and the word "shall" is mandatory.'"  *Wolf v. Midwest Nephrology Consultants, PC.*, 487 S.W.3d 78, 83 (Mo. App. 2016) (quoting *State ex inf. McKittrick v. Wymore,* 343 Mo. 98, 119 S.W.2d 941, 944 (1938)).  "We have no authority to read 'shall' into [Section 115.533.3] unless its insertion is plainly indicated."  *Id*. (internal quotation marks and citation omitted).  Section 115.526.2's and Section 115.533.3's use of the word "may" clearly and unambiguously indicates that the legislature intended for the contestee's filing of an answer to be permissive rather than mandatory.[5]

In interpreting similar language in Section 115.579.3, which is virtually identical to Section 115.533.3,[6] the Supreme Court in *Foster* found that "[n]o answer is required of the contestee."  751 S.W.2d at 44.  The Court explained that the reason no answer is required is because an election contest is not merely an adversarial legal proceeding pitting one candidate against another candidate; rather, "[a]n election contest challenges the *conduct* of the election itself."  *Id*.  "If as a result of election irregularities the wrong candidate is declared the winner, more is

---

[5] Section 115.533.3 indicates that a contestee is required to file an answer only if, in response to an election contest petition seeking a recount, the contestee affirmatively challenges the validity of any votes given to the contestant:  "If the contestee wishes to contest the validity of any votes given to the contestant, he *shall set forth in his answer* the votes he wishes to contest, and the facts he will prove in support of such contest and shall pray leave to produce his proof." (Emphasis added.)

[6] Section 115.579.3 applies to contested elections for circuit and associate circuit judges and for offices other than statewide offices, state senators, and state representatives.  *See* § 115.575.  The only difference between Section 115.579.3 and Section 115.533.3 is that Section 115.579.3 provides that the contestee may file an answer within 15 days instead of four days.

6

at stake than the losing candidate's disappointment; the people have lost the ability to impose their will through the electoral process." *Id*. at 43. "In bringing an election contest, the contestant speaks for the entire electorate, seeking to assure all that the democratic process has functioned properly and that the voters' will is done." *Id*. at 44. The legislature recognizes this by requiring the circuit clerk to serve a copy of the petition on the election authority responsible for conducting the election where the alleged irregularity occurred. *Id*. (citing § 115.579.2); § 115.533.2. The election contest petition in *Foster* sought to assure that the democratic process had functioned properly with regard to the votes counted. *Id*. at 43. In this case, Silvey's election contest petition seeks to assure that the democratic process is functioning properly with regard to the constitutional residency requirement.

By not requiring a contestee to file an answer, the election contest statutes "do not permit the entry of a default judgment upon failure to answer." *Id*. at 44. In other words, the court must try the case on its merits. Indeed, the statute requiring that an election contest be tried expressly provides for the possibility that an answer will *not* be filed. Section 115.581 states, in pertinent part, "Immediately upon the filing of a petition and answer, *if there is any*, the court *shall proceed to try the case*." (Emphasis added.) Nothing in Sections 115.526, 115.533, or 115.581 prohibits the contestee from presenting his defense to the election contest at trial if he does not file an answer.

Because no answer was required and no default judgment or judgment on the pleadings was permitted, the court's allowing Bechthold to file an answer out of time was inconsequential. Regardless of whether Bechthold filed an answer out of time or at all, Section 115.526.1 still required Silvey to "produce his proof" to support his challenge to Bechthold's qualifications during the required trial. Likewise, regardless of whether Bechthold filed an answer out of time or at all, he was permitted to present a defense to Silvey's challenge to his qualifications during the required trial. Therefore, the circuit court did not err in allowing Bechthold to file his answer out of time, and it did not err in denying Silvey's motion for default judgment or judgment on the pleadings. Points I and II are denied.

## CONCLUSION

The judgment is affirmed.

_____
LISA WHITE HARDWICK, JUDGE

ALL CONCUR.