Forrest V. CROCKETT, Respondent

v.

Flora Grable MORELOCK, Defendant,

and

David A. Williams, George Williams, Ernest L. Williams, Donald L. Williams, Charles E. Williams, Roger W. Williams, Jack Christopher, Richard Christopher & Willard Matthews, Appellants.

No. WD 31237.

Missouri Court of Appeals, Western District.

Nov. 3, 1980.

Candace J. Barnes and Joseph L. Flynn, St. Joseph, for appellants.

Charles S. Wilcox of Wilcox, Houts & Douglass, St. Joseph, for respondent.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

MANFORD, Judge.

This is an original action to quiet title in 90 acres of land pursuant to Rule 93.01. The judgment is affirmed.

The case was tried to the court, placing review of same under Rule 73.01 and *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). None of the parties requested findings of fact and conclusions of law, and absent such a request, findings and conclusions are not required, see *Skinner v. Henderson,* 556 S.W.2d 730 (Mo.App.1977). When findings and conclusions are not requested, all fact issues are to be considered found in accordance with the result reached by the trial court, see *Marriage of Badalamenti,* 566 S.W.2d 229 (Mo.App.1978), see also *Air Cooling & Energy, Inc. v. Midwestern Construction Co. of Missouri, Inc.,* 602 S.W.2d 926 (Mo.App.1980).

Appellants present four points of claimed error, containing numerous subpoints, which in summary allege (1) the judgment is one that is proper for appellate review; (2) the evidence did not support judgment for quiet title on the basis of purchase; (3) the evidence did not support a judgment of quiet title by adverse possession and (4) the trial court erred in ruling the applicability of the Dead Man Statute to certain evidence offered by appellants, because (a) respondent waived such applicability by her cross–examination of appellants; (b) respondent claimed title by adverse possession with her deceased husband; (c) appellants were competent to testify for one another and (d) the testimony of Walter Crockett, deceased, was preserved.

The land in question was composed of 90 acres (two 40–acre tracts and one 10–acre tract). Respondent claimed title to the acreage by adverse possession. Appellants claimed title to the acreage as descendants of Bertha and Benton Williams. Appellants contend Bertha and Benton Williams acquired the acreage by purchase in 1936. The parties agree there has never been a record of title in either respondent, in appellants or appellants' ancestors.

Benton and Bertha Williams occupied the acreage until Benton's death in 1948. Appellants contend that from 1948 to 1952, the acreage was occupied by Jerome Williams, brother of Benton Williams. Jerome Wil-

liams died in 1952. Bertha Williams moved from the acreage sometime between 1948 and 1952 and when she moved, appellants herein moved to various other locations. Some of them entered military service and others resided with relatives.

Respondent and her husband paid the taxes upon the property for the years 1948 to the present. The evidence reveals that Bertha Williams delivered abstracts of the acreage to Walter Crockett, respondent's deceased husband who died in 1975. Cancelled checks evidencing payment of the taxes, as well as payment in the sum of $925.00 to Bertha Williams, were admitted.

A former son–in–law of Bertha Williams testified that Bertha had sold the property to respondent and respondent's late husband. Respondent testified that she and her husband made improvements to the property. These improvements consisted of fencing, drilling for water, bulldozing and constructing a house foundation. Respondent testified regarding the renting of the property to various tenants and identified each tenant by name and the specific rentals received from each.

Respondent testified that neither she nor her late husband ever denied appellants or anyone else access to the acreage for the purpose of hunting mushrooms and squirrels, but such access was during the same period she and her husband continued to pay the taxes, to rent the land and to make improvements thereon.

Appellants' evidence consisted of the fact that they hunted for mushrooms and squirrels upon the acreage, a denial that new fencing had been installed and their observation of a lack of tenants on the acreage. One appellant, David Williams, attempted to testify to an oral agreement he had with Walter Crockett prior to Mr. Crockett's death. This proffered evidence was rejected and, as will be observed below, relates to point II raised by appellants.

Upon hearing the evidence, the court entered judgment quieting title in respondent. The court declared that Bertha Williams attempted to sell the acreage to respondent and respondent's husband for $925.00; that

Bertha Williams delivered abstracts of the acreage; that respondent and respondent's husband had continued to pay the taxes upon the acreage; that respondent and respondent's husband had made improvements on the acreage; and, that respondent and her husband had, for some 25 years, exercised ownership of the acreage openly and notoriously and in addition to improvements and the payment of taxes, had cut timber off the acreage and rented the acreage to numerous tenants.

The alleged errors as presented by appellants in their point I are, in reality, nothing but a declaration of the law and it suffices to state this court has authority to review these proceedings pursuant to Rule 73.01.

Points II and III are taken up by this court simultaneously. Point II alleges that the judgment for quiet title could not be supported upon a finding of purchase of the acreage. The record clearly shows that the trial court did not conclude title was in respondent on the basis of purchase. Appellants' second point is presented upon an incorrect conclusion or assumption that the trial court concluded that respondent acquired by purchase. The reading of the trial court's judgment entry (summarized above) immediately answers appellants' contention upon its face.

As to point III, the trial court did find respondent and her late husband had, for 25 years, exercised ownership over the acreage and had, by that exercise, acquired title by adverse possession. The evidence clearly shows that respondent and her late husband had continuously paid the taxes on the acreage, made improvements and rented the acreage to numerous tenants. In addition, authorities interested and empowered to purchase the acreage on behalf of the Missouri Conservation Commission had contacted respondent, not appellants, for possible acquisition of the acreage. The culmination of this evidence upon the facts and circumstances of the instant case was more than sufficient to meet the burden of proof necessary to establish the claim of title to the property by adverse possession against the appellants.

The evidence, upon the record, is substantial to support the judgment herein and the judgment, as entered, is not against the weight of the evidence. Point III is ruled against appellants as the judgment comports with the rule of *Murphy v. Carron, supra.*

■ Appellants' final point (Point IV), which is subcatagorized, is, together with all subportions thereof, ruled against appellants for the following reasons. Appellants contend that the trial court erred in applying the Dead Man Statute to certain evidence offered by appellants. Since the point is presented in four subparagraphs, each will be addressed in like order for purposes of disposition. Appellants contend that respondent waived the applicability of the Dead Man Statute by respondent's cross-examination of appellants. This contention has no merit because the record discloses that the only evidence offered and preserved upon the record centers upon the testimony of appellants' first witness, David Williams. This witness attempted to testify to an oral agreement which allegedly occurred between himself and decedent, Walter Crockett, shortly after the death of the witness's father (circa 1949). Respondent objected on the basis of the applicability of the Dead Man Statute. Appellants were then given permission to make an offer of proof and the following shows the offer made:

"MR. FLYNN: I wonder if I could dictate an offer of proof, your Honor?

THE COURT: Certainly.

MR. FLYNN: If allowed to ask the question—

THE COURT: If you want me to rule on it, you had better say it loud enough that I can hear it.

MR. FLYNN: If allowed to testify this witness would testify that he had a conversation with Walter Crockett following his father's death in which Walter asked him what they intended to do with the property, and he advised Walter that he could use the property any way he wanted as long as he kept the taxes paid."

Following the offer, the court on the record made the following ruling:

"THE COURT: The offer includes some matters that are admissible as well as inadmissible. So I will sustain the objection, and the offer is refused."

Disposition of this point falls under Rule 73.01 3(c), which reads as follows:

"(c) The court shall consider admissible evidence which was rejected by the trial court and preserved ..."

The record shows the foregoing to be the only offered, rejected and preserved evidence pertaining to the contention of appellants.

It is clear that the testimony of David Williams on this point, if admitted, would be contrary to the prohibition or limitation imposed by § 491.010 RSMo 1978, the so-called Dead Man Statute. Witness David Williams attempted to testify, to his own favor and on direct examination, as a party to this action relative to an oral agreement with another party who had died. The testimony of David Williams, as offered, clearly shows upon the record that the alleged oral agreement excluded respondent herein and was limited to an agreement allegedly between David Williams and the deceased Walter Crockett. The offered testimony failed to specify the date of the alleged oral agreement, but generally inferred that it occurred sometime subsequent to the death of Benton Williams (1949). The evidence reveals that respondent and her late husband acquired possession of the acreage sometime in 1950.

Appellants premise their argument of waiver on cross-examination upon the issue of payment of taxes. The record does not reveal cross-examination of witness David Williams on this point. While respondent cross-examined other appellants upon the issue of tax payment and also the lack of concern of occupancy of the acreage, the only evidence relative to any oral agreement alleged to have taken place with the deceased Walter Crockett was that offered by David Williams. Appellants argue that by respondent's cross-examination, otherwise incompetent evidence was rendered competent by cross-examination of other appellants than David Williams. The rec-

ord does not support appellants' argument in that it fails to show respondent, who was entitled to the shield afforded by the Dead Man Statute, waived such protection. The record does not show that appellants challenged the cross–examination by respondents on the question of tax payment and at best, their testimony could have been challenged as hearsay. Nothing was preserved for this court to consider upon that basis, and the record does not reveal that David Williams was later called to testify for the purposes of claiming any waiver. Point IV(a) is ruled against appellants.

In their Point IV(b), appellants argue that since respondent claimed title to the acreage by adverse possession acquired with her now–deceased husband, respondent could not avail herself of the safeguards provided within the Dead Man Statute. Once again, the only evidence that any oral agreement was entered into was that offered by David Williams. The time of the alleged oral agreement was not specified, and the lack of such specificity renders such alleged oral agreement suspect of even being material since the record reveals Benton Williams died in 1949 and respondent claimed title by adverse possession in 1950; but be that as it may, the contention is more directly disposed of under the rule where a surviving partner, business associate or co–contractor was not present or did not participate in the alleged agreement and this survivor could avail himself of the provisions of the Dead Man Statute, see *Bussen v. Del Commune*, 239 Mo.App. 859, 199 S.W.2d 13 (1947); *Bradley v. Buffington*, 534 S.W.2d 571 (Mo.App.1976). Where the same rule applies to a surviving agent, see *Tietjens v. General Motors Corporation*, 418 S.W.2d 75 (Mo.1967). Respondent was never present at or never took part in, or never was aware of the alleged oral agreement between David Williams and Walter Crockett. Under the rule as announced in *Bussen* and *Tietjens*, this court concludes such rule to be applicable to a surviving spouse and point IV(b) is ruled against appellants.

Under point IV(c), appellants argue the inapplicability of the Dead Man Statute because appellants were competent to testify for each other. Section 491.010, the Dead Man Statute, by its language and interpretation thereof, disqualifies a witness from testifying in his own favor or to the favor of anyone claiming under him who is a party to the action. Appellants argue that each of the appellants' testimony concerning the alleged oral agreement between David Williams and the late Walter Crockett was admissible on the premise that such testimony was limited to the purpose of being evidence for each other and not to their individual favor or the favor of anyone claiming under them. This court concludes that to accept appellants' argument is to place a too–broad interpretation in § 491.010. The cases cited by appellant, *Allen Estate Association v. Fred Boeke & Son*, 300 Mo. 575, 254 S.W. 858 (1923) and *Gehner v. McPherson*, 430 S.W.2d 312 (Mo. App.1968), while announcing the rule that a witness is disqualified from testifying in his own favor but not testifying on behalf of a co–party, involved separate and distinct claims. For example, *Allen* involved the issue of *separate* mechanics liens and *Gehner* involved claims against an estate for separate and distinct claims for services. In the instant case, appellants' interests were mutual and identical regarding the acreage in question. The net effect of their testimony to the favor of each other would have been testimony to their own favor under the particular facts and circumstances of the instant case and clearly comes within the prohibition prescribed by the statute. Point IV(c) is ruled against appellants.

In their last alleged error, point IV(d), appellants argue inapplicability of the Dead Man Statute because the testimony of Walter Crockett, deceased, was preserved. Appellants argue that since respondent offered into evidence certain checks evincing payment for the acreage to Bertha Williams by Walter Crockett, deceased, the evidence of Walter Crockett was preserved and hence the applicability of the Dead Man Statute was waived. The record dispels appellants' argument because the entirety of the issue over applicability or inapplicability of the Dead Man Statute arose over and in conjunction with the alleged oral

agreement between David Williams and Walter Crockett, deceased. The challenge to the applicability of the Dead Man Statute did not arise over the issue of the checks' admission into evidence. As has been pointed out above, by specific reference to the record, such challenge was related to the alleged oral agreement over payment of taxes. The record herein does not reveal any preservation of any testimony of the late Walter Crockett regarding the issue of tax payment.

The trial court properly rejected appellants' offer of proof in their challenge as to the applicability of the Dead Man Statute, and the trial court neither erroneously applied the law nor erroneously declared the law as regards appellants point IV and subsections (a), (b), (c) and (d) thereof. Therefore, under the rule in *Murphy v. Carron, supra,* point IV and (a), (b), (c) and (d) thereof are ruled against appellants.

For the reasons set forth herein, the judgment of the trial court is in all respects affirmed.

All concur.