Lorna Kay MITCHELL,
Contestant-Appellant,

v.

George CARRINGTON, Ron Phillips and City of Fulton, Missouri, Respondents.

No. WD 31120.

Missouri Court of Appeals,
Western District.

Dec. 30, 1980.

Bradley H. Lockenvitz, Linn, for contestant-appellant.

C. E. Hamilton, Fulton, for respondent Carrington.

Granville Collins, Fulton, for respondent Phillips.

D. James Mariea, Fulton, for respondent City of Fulton.

Before KENNEDY, P. J., and PRITCHARD and SWOFFORD, JJ.

KENNEDY, Presiding Judge.

This is an election contest, growing out of the April 3, 1979, election for the fourth ward councilman in the City of Fulton. Ron Phillips, the contestee, was declared the winner, but contestant Lorna Mitchell claimed that 41 votes cast for her had been either counted for the contestee, or had not been counted at all, and that a recount would show her to be the winner. She asked for a recount, or in the alternative for a new election.

■ Upon receipt of the petition, the circuit clerk, failing to observe the directions of § 115.579, RSMo 1978, issued a summons upon Civil Procedure Form No. 1, the form used for summons in the ordinary civil action. The summons summoned the contestee to file and serve a copy of his pleading to the petition "all within 30 days after service of this summons upon you, exclusive of the day of service", and told him that if he failed to do so, judgment by default would be taken against him for the relief demanded in the petition.

Observe that this form of summons is inappropriate for use in an election contest. In the election contest involved here, § 115.-579 gives directions for the summons. The summons is to be "returnable by the day designated by the circuit court to the circuit court". With respect to the contestee's answer, the same section, in paragraph 3 thereof, provides that "not later than 15 days after the petition is filed" he *may* file an answer to the petition, specifying reasons why his nomination should not be contested. If he wishes to contest the validity of any votes given to the contestant, his answer must so state.

Entering his appearance specially for the purpose, the contestee filed his motion to dismiss on the ground of the defectiveness of the summons and the consequent absence of jurisdiction of the defendant's person. This motion was granted by the trial court, who relied heavily upon *State ex rel. Craig v. Grimm*, 542 S.W.2d 335 (Mo.App.1976), decided by the Southern District of this court in 1976. From the ensuing judgment the contestant has taken this appeal.

We agree that the summons gave no personal jurisdiction over the contestee and the trial court correctly dismissed the petition. We affirm the judgment.

In *State ex rel. Craig v. Grimm, supra,* cited by the trial judge, the circuit clerk, upon the filing of a primary election contest, issued the same summons as was used in the present case, that is, Civil Procedure Form No. 1, used in ordinary civil actions. Said the court, in deciding that the faulty summons gave the trial court no jurisdiction to proceed and in making absolute its provisional rule in prohibition:

> The purpose of having a summons issued and served on the contestee is to acquire jurisdiction over his person. Possessed of this importance, the service of a summons as required by law becomes jurisdictional and is absolutely essential to the validity of the proceeding. *Ramsey v. Huck*, 267 Mo. 333, 338, 184 S.W. 966, 969 (banc 1916). Although a contestee may be apprised from his knowledge of the court's order or otherwise that his appearance is expected on a day differing from that stated in the summons, a summons commanding him to appear 30 days hence does not confer jurisdiction over his person so as to require his appearance at an earlier time not stated in the summons. 542 S.W.2d at 338.

The decision in *State ex rel. Craig v. Grimm, supra,* furnishes authority for our holding in the case now before us. The appellant points out certain differences between our case and the *Grimm* case, but the differences are superficial and not fundamental. If our decision and that of our sister court seem legalistic, they are in line with a number of Missouri cases which have required strict compliance with statutory

**414**

requirements relating to the form and service of process. *State v. Rooney,* 406 S.W.2d 1 (Mo. banc 1966); *State ex rel. Ratliff v. Morant,* 271 S.W.2d 230, 232 (Mo. App.1954); *Stanton v. Caplan,* 164 S.W.2d 143, 144 (Mo.App.1942); *State ex rel. Frazier v. Green,* 143 S.W.2d 64, 67 (Mo.App. 1940); *State v. Myers,* 126 Mo.App. 544, 104 S.W. 1146, 1147 (1907); *Henman v. Westheimer,* 110 Mo.App. 191, 85 S.W. 101, 103 (1905). *See also* Annotation, "Effect of defects or informalities as to appearance or return day in summons or notice of commencement of action", 6 A.L.R. 841 (1920), 97 A.L.R. 746 (1935).

█ The contestant points out that it was the circuit clerk's responsibility under § 115.579 to issue a correct summons, and points out that the circuit clerk would have been under no duty to accept her suggestion as to the form of the summons. What the contestant says may be true, but it does not alter the requirement that a defendant in a lawsuit can be brought into court involuntarily only by means of a summons which complies with statutory requirements. *Jones v. Buckley,* 425 S.W.2d 204, 207[6] (Mo.1968); *State ex rel. Craig v. Grimm, supra,* at 338. Contestant is relegated to any remedy she may have against the circuit clerk. *State v. Morant, supra* at 232. As a practical matter, a court clerk would in most instances welcome and would be guided by the suggestions of a lawyer requiring the issuance of extraordinary process.

The judgment is affirmed.

All concur.