Rayfield MICKELS, et al.,
Plaintiffs-Respondents,

v.

Johnnie L. HENDERSON, et al.,
Defendants-Appellants.

No. 46117.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 23, 1982.

Motion for Rehearing and/or Transfer Denied Nov. 19, 1982.

Donna White, St. Louis, for defendants-appellants.

Donald Anton, St. Louis, for plaintiffs-respondents.

REINHARD, Judge.

Election contest. Plaintiffs-contestants successfully challenged the results of the election for mayor and treasurer for the City of Wellston held on April 6, 1982. The results announced on April 14, 1982, by the St. Louis County Board of Election Commissioners established that defendant Johnnie L. Henderson received 297 votes for mayor; contestant Robert Powell 277 votes; and contestant Rayfield Mickles 259 votes. Defendant Frank McNeil received 477 votes for treasurer and contestant James Wilburn received 365 votes.

Plaintiffs-contestants filed their petition on May 12, 1982 alleging that violations of the election statutes constituted irregularities of sufficient magnitude to cast doubt on the validity of the Wellston election. On May 28, defendants filed an answer and a motion to require contestants to post bond pursuant to § 115.591 RSMo. 1978.[1] On July 6, 1982, plaintiffs filed their first amended petition.

On the morning of trial, July 15, defendants filed a motion to dismiss, alleging that the trial court was without personal jurisdiction over the defendants because of improper service. Plaintiffs presented evidence in support of their petition and the court took the case under advisement. On July 26, the trial court denied defendant's

motion to dismiss and declared the April 6, 1982, election for the offices of mayor and treasurer of the City of Wellston null and void. The court then ordered a new election to be held for those offices on Tuesday, November 2, 1982. This appeal ensued. We affirm.

In their first point on appeal, defendants citing *Mitchell v. Carrington*, 610 S.W.2d 412 (Mo.App.1980), assert the trial court erred in denying their motion to dismiss for lack of personal jurisdiction because the summons was not issued in compliance with § 115.579. It is clear the summons used here was for use in an ordinary civil action and was not issued in proper form for an election contest. In *Mitchell*, the defendant in an election contest entered his special appearance to contest personal jurisdiction because the circuit clerk failed to follow § 115.579 in issuance of the summons. The trial court granted defendant's motion and on appeal the Western District held the trial court properly dismissed the petition because the summons did not give the court personal jurisdiction over the defendant. *See, State ex rel. Craig v. Grimm*, 542 S.W.2d 335 (Mo.App.1976).

In the present case, though, instead of entering their special appearance, defendants filed an answer and a motion to require contestants to post bond. The motion to dismiss alleging improper service was raised for the first time on the day of trial. This was too late. Defendants had already submitted themselves to the jurisdiction of the court and waived any irregularity in service. *State ex rel. Penrose v. Killoren*, 354 Mo. 22, 188 S.W.2d 1, 3 (1945); *State ex rel. Newell v. Cave*, 272 Mo. 653, 199 S.W. 1014 (1917). *See, Illinois Farmers Insurance Co. v. Biggs*, 614 S.W.2d 759, 761 (Mo.App.1981); and *Garfunkel v. Garfunkel*, 612 S.W.2d 862, 863 (Mo.App.1981). In an election contest, "a defendant objecting to lack of jurisdiction over his person should *promptly* file the motion raising the question." *Jones v. Buckley*, 425 S.W.2d 204, 207 (Mo.1968). (emphasis original)

---

1. All statutory citations are to RSMo. 1978, unless otherwise noted.

■ Defendants further complain in their first point about the filing of plaintiffs amended petition. They assert there is no provision in the elections laws for amendment of a petition. We find no merit to this complaint. First, under the cases interpreting repealed § 124.070 RSMo. 1969, the law governing the filing of election contests prior to the adoption of the current statute § 115.577, amendments were permitted. *Davenport v. Teeters,* 273 S.W.2d 506, 512 (Mo.App.1954). There is no logic or reason why amendment should not be permitted under the current law in effect, § 115.577. Second, defendants make no objection at or before trial as to the amendment of plaintiffs petition and are, therefore, in no position to complain here about it. *Stewart v. Stewart,* 277 S.W.2d 322, 326 (Mo.App.1955).

In their second point, defendants allege the trial court erred in failing to appoint a commissioner as provided in § 115.581. The clear language of the statute, however, which defendants acknowledge makes appointment of a commissioner discretionary. We find no merit to this point.

■ In their third point, defendants assert the trial court erred in failing to make a finding as to whether contestants made a prima facie showing of irregularities and in their fourth point, defendants claim "the court erred in failing to order a recount." This latter point totally fails to comply with Rule 84.04(d) and preserves nothing for review. *Tennis v. General Motors Corp.,* 625 S.W.2d 218, 224 (Mo.App.1981). Nonetheless, we will gratuitously examine their contention. In these two points defendants apparently argue that § 115.583 and § 115.-585, both sections relating to the recount of votes, require the trial court make a finding of irregularities which affect "the validity of votes equal to or greater than the margin of defeat" and order a recount of the votes cast. These two sections have no bearing when a new election is ordered and we find no merit to this claim.

■ Finally, in their last point, defendants assert that in ordering a new election the trial court erred in failing "to make specific findings of irregularities and failed to find irregularities of sufficient magnitude as to cast doubt upon the validity of the election" as required by § 115.593. This section provides:

> If the court ... trying a contested election determines there were irregularities of sufficient magnitude to cast doubt on the validity of the initial election, it may order a new election for the contested office... The order shall set the date of the election and ... [i]n its order, the court ... shall specify the name of each candidate for the office to be voted on at the special election....

No request for findings of facts and conclusions of law were made by the parties. The trial court was not required to make findings of fact if not requested to do so. *Air Cooling & Energy, Inc. v. Midwestern Construction Co.,* 602 S.W.2d 926, 927 (Mo. App.1980); Rule 73.01. Neither does § 115.593 require specific findings of irregularities in the court's order.

■ Contestants do not in any point relied on question the sufficiency of the evidence. In the present case, the trial court had before it evidence of numerous violations by voters and election officials of the election laws. All fact issues are to be considered found in accordance with the result reached. *Crockett v. Morelock,* 608 S.W.2d 530, 531 (Mo.App.1980). Implicit in the court's judgment was a finding of irregularities sufficient to cast doubt upon the validity of the election. The integrity of the election process must be preserved. Election statutes must be strictly followed, though, election irregularities seldom necessitate a new election as there are other provisions available to punish and deter those who purposely and deliberately tamper with the electoral process. *See,* § 115.-629, et seq. Only when the trial court is firmly convinced that irregularities affected the outcome of the election should the election be voided.

This case presented a close question of whether there were irregularities of a sufficient magnitude to cast doubt on the validi-

ty of the election. Nonetheless, we conclude after a thorough review of the record in light of *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976) the court's order should be affirmed.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.