**Larry MOORE, Carol Fleshman, and Bob Baugher, Appellants,**

v.

**Ike MOREHEAD, Terry Alexander, and David Wilson, Respondents.**

No. WD 34472.

Missouri Court of Appeals,
Western District.

Feb. 28, 1984.

C.R. Willis, St. Louis, for appellants.

L.E. Atherton, Milan, for respondents.

Before TURNAGE, C.J., and DIXON and LOWENSTEIN, JJ.

DIXON, Judge.

This is an election contest. The trial court dismissed the petition, finding that the summons had been improperly issued. The issue on appeal is whether the disqualification of a circuit clerk to issue a summons mandated by § 51.120, RSMo 1978, should apply to an election contest.

In the general election held on November 2, 1982, contestees-respondents Ike Morehead, Terry Alexander, and David Wilson defeated contestants-appellants Larry Moore, Carol Fleshman, and Bob Baugher, respectively, for county offices in Sullivan County, Missouri. The official results were announced on November 4, 1982. On December 3, 1982, Moore, Fleshman, and Baugher filed a petition contesting the election in Sullivan County Circuit Court. On December 4, Moore, then Circuit Clerk of the County, issued the summonses to be served on Morehead, Alexander, and Wilson, and the summonses were served later that evening.

A motion to dismiss was filed December 8, 1982, asserting that Moore as a contestant was disqualified to issue the summons on his own lawsuit. A hearing on the motion was held on December 16, and the motion to dismiss was sustained on December 30.

Section 51.120 states "that when the clerk of the circuit court of his county is a party, plaintiff or defendant, to a suit or action, the writ of summons and all other process relating thereto shall be issued by the clerk of the county court ...." Here, Moore ignored this prohibition and issued the summonses. Years ago the supreme court stated that when process does not issue from the authorized officer, the process is void. *Williams v. Monroe*, 125 Mo.

574, 28 S.W. 853 (1894). A void summons does not confer jurisdiction on the court to proceed. *State ex rel. Craig v. Grimm*, 542 S.W.2d 335 (Mo.App.1976).

Contestants argue that § 51.120 is inapplicable to election contests. In support of their argument contestants direct the court to the following language of *State ex rel. Wilson v. Hart*, 583 S.W.2d 550 (Mo.App. 1979): "The statutes governing elections are a code unto themselves. The right to contest an election exists only as defined by statute, and the jurisdiction of the circuit court is confined strictly to those statutory provisions governing election contests." *Hart, supra*, 583 S.W.2d at 551 (citations omitted). Other cases have recognized that the statutes governing election contests are a code unto themselves. *State v. Consolidated School District No. 4 of Iron County*, 417 S.W.2d 657 (Mo. banc 1967); *Armantrout v. Bohon*, 349 Mo. 667, 162 S.W.2d 867 (1942); *State ex rel. Craig v. Grimm, supra*. No Missouri decision has been found on the question of whether a circuit clerk can issue the summons when the clerk is a contestant in the action requiring the summons. The contestees assert that §§ 51.120 and 483.075(2) (framed in almost identical language) disqualify the circuit clerk from issuing the summons. When a similar problem is presented to a sheriff in serving process in an election contest in which the sheriff is a party, neither the sheriff nor his deputy may serve the process. § 58.190, RSMo 1978; *Jones v. Buckley*, 425 S.W.2d 204 (Mo.1968).

The rationale of *Jones v. Buckley, supra*, is equally applicable to § 51.120 disqualifying the circuit clerk from acting in a case in which he is a party as in the instant case. The argument as to strict compliance with the statutes concerning election contests does not go so far as to require in effect a repeal by implication of § 51.120. A repeal by implication is not favored. *Matter of Additional Magistrates for St. Louis County*, 580 S.W.2d 288 (Mo. banc 1979). Where two statutes are inconsistent, a court will attempt to reconcile and apply both. *State ex rel. McNary v. Stussie*, 518 S.W.2d 630 (Mo. banc 1974). However, the election code is silent on the issue of the power of the clerk to issue summons when he is a party. To the extent that the statutes governing election contests are silent as to the procedural rules to apply in the conduct of such contests, the relevant procedural statutes and rules that apply in all civil actions also apply in governing procedure in election contests.

The judgment of the trial court in dismissing the petition is affirmed.

All concur.