In re the Matter of Application of Jim BLUMENBERG for a Court Order Requiring a Recount of Ballots Cast in the Primary Election.

**Jim BLUMENBERG, Respondent,**

v.

**Marty HUTCHESON, Appellant.**

No. 15895.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 23, 1988.

James R. Robison, Sikeston, for appellant.

John L. Oliver, Jr., Oliver, Oliver, Waltz & Cook, P.C., Cape Girardeau, for respondent.

CROW, Presiding Judge.

Marty Hutcheson appeals from a judgment declaring that Jim Blumenberg received 724 votes and Hutcheson 721 for the nomination of the Democratic Party for Commissioner of the County Commission of Mississippi County, Second District, at the primary election August 2, 1988. Hutcheson maintains the trial court (1) lacked jurisdiction to order the recount in that the summons served on Hutcheson was defective, (2) erred in conducting the recount simultaneously with a statutorily required preliminary hearing, and (3) failed to follow sundry statutes governing recounts.

The litigation began August 4, 1988, in the Circuit Court of Mississippi County when Blumenberg filed a "Petition to Con-

test Primary Election." It averred that on the preceding day an official announcement of the results of the August 2, 1988, primary election by the County Clerk of Mississippi County had proclaimed that Hutcheson was the nominee of the Democratic Party for Commissioner of the County Commission of Mississippi County, Second District, having received 720 votes to Blumenberg's 719. The petition further alleged that the official results were subject to challenge under § 115.601, Laws 1985, H.C.S.H.B. 620, p. 463 (now codified as § 115.601, RSMo 1986), in that Blumenberg was defeated by less than one percent of the votes cast for such office.

Section 115.601, RSMo 1986, provides:

"Any contestant in a primary ... election contest who was defeated by less than one percent of the votes cast for an office in any jurisdiction ... shall have the right to a recount of the votes cast for the office.... Any such recount shall be conducted under the direction of the court ... trying the contest according to the provisions of this subchapter."

The statutes applicable to election contests appear in chapter 115, RSMo 1986. They begin immediately following the heading "ELECTION CONTESTS" at page 1147 in Volume 1, and consist of §§ 115.526 through 115.601. They are arranged so that those authorizing candidates for nomination to an office at a primary election to challenge the correctness of the returns for such nomination are, except for § 115.601, grouped in §§ 115.527 through 115.551, the latter section governing appeals from circuit court judgments in such contests.

Among the statutes pertinent to the issues before us is § 115.531, RSMo 1986, which provides:

"Not later than five days after the official announcement of the results of a primary election is issued by the election authority ... any candidate desiring to contest the primary election shall file a verified petition in the office of the clerk of the circuit court of any circuit in which part of the election was held and in which any alleged irregularity occurred. The petition shall set forth the points on which the contestant wishes to contest the election and the facts he will prove in support of such points, and shall pray leave to produce his proof. The judge of the court shall immediately note on the petition the date it was filed and shall immediately set a date, not later than five days after the petition is filed, for a preliminary hearing.... The circuit court in which the petition is filed shall have exclusive jurisdiction over all matters relating to the contest and may issue appropriate orders to all election authorities in the area in which the contested election was held."

Another statute pertinent to the issues before us is § 115.533, RSMo 1986, which provides:

"1. Immediately after a petition is filed, the clerk of the circuit court shall issue a summons ... to the contestee, returnable by the day designated by the circuit court to the circuit court. The summons shall be served ... in the same manner provided for service of process in civil actions....

2. Immediately after the petition is filed, the clerk of the circuit court shall send by certified or registered mail a certified copy of the petition to the officer responsible for issuing the statement announcing the results of the contested election and to each election authority responsible for conducting the election in any area where an alleged irregularity occurred....

3. Not later than four days after the petition is filed, the contestee may file an answer to the petition, specifying reasons why his nomination should not be contested. If the contestee wishes to contest the validity of any votes given to the contestant, he shall set forth in his answer the votes he wishes to contest, and the facts he will prove in support of such contest and shall pray leave to produce his proof."

Section 115.537, RSMo 1986, also bears on the issues confronting us. It states:

"Not later than five days after the petition is filed, a preliminary hearing shall be held to determine whether there

shall be a recount and not to determine what the recount would show. The court shall hear all evidence by the contestant and contestee bearing on the alleged irregularities."

The progress of the instant case through the Circuit Court of Mississippi County is reflected in the legal file, as there is no transcript. The legal file establishes that on August 4, 1988 (the date Blumenberg's petition was filed), the Clerk of the Circuit Court, acting through a deputy, issued to Hutcheson a summons that essentially followed Form No. 1, p. 342, Missouri Rules of Court (19th ed. 1988). The summons commanded Hutcheson to appear before the Circuit Court and to file his pleading to the petition within 30 days after receiving the summons, exclusive of the day of service. According to the sheriff's return, service of a copy of the summons and a copy of Blumenberg's petition was made on Hutcheson in person in Mississippi County the same date the summons was issued.

Contrary to § 115.531 (quoted *supra*), the Judge of the Circuit Court did not, upon the filing of Blumenberg's petition, set a date within five days thereafter for a preliminary hearing. Consequently, the summons did not satisfy the requirement in § 115.533.1 (quoted *supra*) that it be returnable by the day designated by the circuit court. *See: State ex rel. O'Reilly v. Kirkwood*, 407 S.W.2d 613, 614 (Mo.App. 1966).

On August 5, 1988, the day after service of summons on Hutcheson, the following entry was made on the Circuit Court's docket sheet:

"By Order of the Court 'Cause set for Preliminary Hearing on August 8, 1988 at 10:00 a.m. NOTICE AS PER WRITTEN NOTICE...."

The legal file contains a document captioned "NOTICE" and subscribed by the Clerk of the Circuit Court. The body of the document states:

"On this 5th day of August, 1988, the Court hereby, according to statute, sets the Preliminary Hearing for a recount of Ballots cast in the Primary Election, as set out in Section 115.531.

Hearing set at 10:00 A.M., Monday, August 8, 1988, in the Circuit Court of Mississippi County, Missouri."

Hutcheson concedes a copy of the above notice was delivered to him by certified mail on August 6, 1988.[1]

The next activity, according to the docket sheet, occurred August 8, 1988. An entry that date shows:

"Comes now Jim Blumenberg with his Attorney; Junior Delay, County Clerk, with Carol McDowell, Loretta B. Smith, Circuit Clerk with Dianna Walton. Dave Bowden and Leslie Jones also present.

Carol McDowell and Dianna Walton appointment fo [sic] Electors filed and signed by the Court.

Order for Recount approved by the Court and filed."

In connection with the above entries, the legal file contains a document captioned "ORDER FOR RECOUNT." It states:

"Now this 8 day of August, 1988, came the petitioner in the election for County Commissioner, 2nd District, referred to above and, upon notice, petition, statement, and proof, submitted the question as to whether there should be a recount of the ballots in the election brought into question by the notice and petition.

The Court, having carefully investigated the record and proofs concerning the question of a recount of ballots, finds that justice requires such a recount and orders that said recount be conducted pursuant to Section 115.541 RSMo., and shall be heard by the Court on the 8 of August, 1988.

s/ Anthony J. Heckemeyer
JUDGE"

The legal file also contains a document captioned "APPOINTMENT OF ELECTORS." It states:

---

1. The concession was made in the Circuit Court in a memorandum filed by Hutcheson August 11, 1988, in support of a "Special Appearance" filed by him in said court the same day (of which more later). The concession was made on appeal in this Court in Hutcheson's brief, and again during oral argument.

"The Court having a hearing and due course, having determined that there should be a recount of the ballots cast in the primary election in which the contestant and contestee were candidates, hereby appoints Carol McDowell, Dianna Walton, Dave Bowden and Leslie Jones, disinterested electors of the 2nd District of Mississippi County, Missouri to make the recount of said ballots.

s/ Anthony J. Heckemeyer
JUDGE"

The above document is stamped filed August 8, 1988, by the Clerk of the Circuit Court.

The Circuit Court's docket sheet reflects the following additional activity on August 8, 1988:

"The Court in this cause in the application of Jim Blumenbert [sic] the Court finds that pursuant to 601 there was one vote difference between the two parties requiring anuautomatic [sic] recorąt [sic] which is ordered this date. Recount was had by utilizing the county clerks personnel and Circuit Clerks as per the appointment of electors executed this date. The Count was had. The Tally is given by Mrs. Smith for Hutcheson 721 and Blumenberg 724, a difference of three.

The Clerk directed to Certify those results."

In compliance with the last quoted sentence above, the Clerk of the Circuit Court signed an order that essentially parroted the paragraph of the docket entry immediately preceding the last quoted sentence above. That order, according to the docket sheet, was filed on August 9, 1988. That same day the Circuit Court entered judgment, the body of which states:

"The Court, having on the record and proofs ordered a recount of the votes in the election contest for County Commissioner of the 2nd District between Martin Hutcheson and Jim Blumenberg, and said recount having been duly made and carefully examined by the Court.

IT IS HEREBY ADJUDGED that Jim Blumenberg has received a total of 724 votes and Martin Hutcheson has received a total of 721 votes, and accordingly, Jim Blumenberg is adjudged the winner of the election and is . . . adjudged to be the nominee of the Democratic party for the office of County Commissioner of the 2nd District.

SO ORDERED."

Two days later, on August 11, 1988, Hutcheson filed in the Circuit Court a document captioned "Special Appearance" wherein Hutcheson asserted that the Circuit Court was "without jurisdiction or authority to hear and determine this cause or to order a recount of the primary election ballots." Jurisdiction was lacking, according to Hutcheson, in that there was no adequate service of process on him "in the form required by law within the statutory time necessary to confer jurisdiction" under chapter 115, RSMo 1986. Furthermore, said Hutcheson, the Circuit Court failed to comply with §§ 115.537 and 115.541 "by purporting to conduct a recount at the same time scheduled for the preliminary hearing." Consequently, insisted Hutcheson, Blumenberg's petition should be dismissed with prejudice or, in the alternative, any judgment purporting to grant a recount or directing any election official to change the results of the official canvass should be set aside. In a memorandum filed simultaneously with his "Special Appearance" Hutcheson conceded he "did not attend nor participate in the hearing or recount, if there was one, on August 8."

On August 17, 1988, the Circuit Court denied all requests in Hutcheson's "Special Appearance." Hutcheson filed this appeal the following day.

■ Hutcheson's first assignment of error is:

". . . Hutcheson, having been officially announced a winner by the proper election authority, cannot be deprived of the nomination for the office of County Commissioner on the basis of a recount . . . unless he was properly brought within the jurisdiction of the court.

Service of process in the form of a summons providing that the contestee has 30 days in which to file responsive pleadings does not effectively confer jur-

isdiction over a contestee in an election contest. The court, therefore, had no jurisdiction to proceed with a recount ... and the time has now elapsed for obtaining jurisdiction. The judgment of the trial court declaring ... Blumenberg to be the winner over [Hutcheson] in the ... primary election ... should be reversed for lack of jurisdiction."

In support of the point Hutcheson cites *State ex rel. Craig v. Grimm,* 542 S.W.2d 335 (Mo.App.1976), and *Mitchell v. Carrington,* 610 S.W.2d 412 (Mo.App.1980). In *Craig,* a primary election contest, the statute regarding issuance and service of summons (§ 124.020, RSMo Cum.Supp. 1975) imposed essentially the same requirements as §§ 115.531 and 115.533, RSMo 1986 (quoted *supra*) in the instant case. The summons issued and served on the contestee in *Craig* was in essentially the same form as the summons served on Hutcheson in the instant case. This District of this Court held in *Craig* that service of the summons on the contestee did not confer upon the circuit court jurisdiction over the person of the contestee and, inasmuch as the five-day period within which the summons should have been made returnable had expired, the circuit court had forever lost jurisdiction. *Id.* at 338.

In *Mitchell,* a contest of an election for municipal councilman, the statute regarding issuance and service of summons (§ 115.579, RSMo 1978) imposed essentially the same requirements as § 115.533, RSMo 1986 (quoted *supra*) in the instant case, except that the contestee was allowed 15 days from the date the petition was filed to file his answer. The summons issued and served on the contestee in *Mitchell* was in essentially the same form as the summons served on Hutcheson in the instant case. The Western District of this Court in *Mitchell,* relying on *Craig,* held that the summons gave no personal jurisdiction over the contestee, and affirmed a judgment dismissing the petition. *Mitchell,* 610 S.W.2d at 413[1].

*Craig* and *Mitchell* undeniably support Hutcheson's first point. However, on May 17, 1988, the Supreme Court of Missouri decided *Foster v. Evert,* 751 S.W.2d 42 (Mo. banc 1988), a contest of an election for mayor of a municipality. The statute regarding issuance and service of summons applicable in *Foster* (§ 115.579, RSMo 1986) imposed essentially the same requirements as § 115.533, RSMo 1986 (quoted *supra*) in the instant case, except that the contestee was allowed 15 days from the date the petition was filed to file his answer. The summons issued and served on the contestee in *Foster* was in essentially the same form as the summons served on Hutcheson in the instant case. The trial court in *Foster* dismissed the contestant's petition. On appeal the Supreme Court stated:

"From the clear language of the election contest statutes, we conclude that an election contest is procedurally analogous to an *in rem* action. The *res* is the election itself. The trial court acquires jurisdiction over the *res* when the election contest petition is filed in conformity with the requirements of Chapter 115....

... Under the facts of this case, the thirty-day summons, though erroneous, did not divest the trial court of jurisdiction over this election contest. In failing to set the contest for trial immediately and in dismissing the case, the trial court erred." *Id.* at 45.

The Supreme Court reversed the trial court's judgment of dismissal and remanded the cause for trial. *Id.*

The only differences we espy between the instant case and *Foster* are (1) the instant case involves a primary election, hence §§ 115.527 through 115.551, RSMo 1986, apply instead of the statutes governing contests of other elections—§§ 115.553 through 115.597, RSMo 1986—and (2) the instant case was brought under § 115.601, RSMo 1986, which confers upon a contestant who was defeated by less than one percent of the votes cast for an office the right to a recount, while the action in *Foster* was evidently brought under § 115.553, RSMo 1986, alleging that irregularities had occurred in the election. We fail to see how either of those differences renders *Foster* inapplicable to the instant case. Accordingly, we hold that the fact that the

summons served on Hutcheson did not satisfy the requirements of § 115.533, RSMo 1986, did not deprive the Circuit Court of Mississippi County of jurisdiction over the election contest or Hutcheson.

The Western District of this Court, applying *Foster* to a general election contest involving the office of county commissioner, reached a similar result on facts analogous to those in the instant case. *Authenreith v. Conner*, 755 S.W.2d 287 (Mo.App. W.D., 1988).

Hutcheson's first point is denied.

His second point is:

"A petition for recount under ... [§] 115.601 R.S.Mo. is an election contest and is, therefore, subject to the requirement that all of the judicial proceedings strictly comply with the statutory procedures for election contests. The court has failed to comply with those proceedings by conducting the recount simultaneously with the preliminary hearing held for the purpose of determining whether there should be a recount."

The frailty in Hutcheson's second point is that the record refutes his averment that the preliminary hearing and the recount were conducted simultaneously. As we have seen, the "ORDER FOR RECOUNT" entered by the Circuit Court during the proceedings of August 8, 1988, recited that upon proof submitted by Blumenberg the Circuit Court determined that a recount should be conducted in accordance with § 115.541, RSMo 1986 (quoted *infra* in connection with Hutcheson's third point). The Circuit Court's docket sheet demonstrates that the Circuit Court found there was one vote difference between Blumenberg and Hutcheson, requiring an automatic recount pursuant to § 115.601 (quoted *supra*).

The "APPOINTMENT OF ELECTORS" signed by the Circuit Court August 8, 1988, declared that such court, having a hearing and having determined that there should be a recount of the ballots cast in the primary election in which Blumenberg and Hutcheson were candidates, thereupon appointed the four individuals named therein, being disinterested electors of the Second District of Mississippi County, to make the recount.

The record thus establishes that the Circuit Court's determination that Blumenberg was entitled to a recount per § 115.601 was made prior to the recount itself, and that the recount was conducted only after the Circuit Court had addressed and adjudicated the issue of whether there should be a recount.

■ Hutcheson cites no case holding that a circuit court which conducts a hearing under § 115.537, RSMo 1986 (quoted *supra*) to determine whether there shall be a recount, and which determines at such hearing that a recount shall be conducted, is barred from conducting the recount later the same day. No reason is apparent to us why the two procedures cannot be conducted the same date if it is feasible to do so. Indeed, § 115.535, RSMo 1986, recognizes the urgency inherent in primary election contests by providing that they shall have preference in the order of hearing to all other cases and shall be commenced at the date set and heard day to day, including evenings and weekends if necessary, until determined. That section further provides there shall be no continuances except by consent, so that the case may be concluded prior to the general election. The record before us does not demonstrate any error by the Circuit Court of Mississippi County in conducting the preliminary hearing and, after determining a recount was required, conducting the recount the same day. Hutcheson's second point is denied.

His third point is:

"The court erred in entering a judgment purporting to change the result of a primary election on the basis of a recount ... without first having complied strictly with the statutes applicable to election contests, including [ (1) ] the failure to issue a writ to the County Clerk and having the recount properly scheduled, [ (2) ] the failure to administer the proper oath to the persons making the recount, [ (3) ] the failure to properly select the persons making the recount, [ (4) ] the failure to obtain a written and signed report from those persons as a basis for the judgment."

We shall consider the four components of Hutcheson's third point seriatim. In doing so we must refer to two statutes: §§ 115.-541 and 115.543, RSMo 1986.

Section 115.541 provides, in pertinent part:

"1. Whenever a recount is ordered pursuant to section ... 115.601, the court shall order all materials and records relating to the contest brought before it, so that the court has the same materials and records as the election judges had while making the count and statements of returns....

2. Whenever a recount of votes cast on paper ballots is ordered pursuant to section ... 115.601, the court shall proceed to open and count the votes and, after the count has been completed, shall tabulate by voting district the votes cast for the contestant and the contestee.

...."

Section 115.543 provides, in pertinent part:

"Whenever a recount is ordered pursuant to section ... 115.601, the court shall determine the number of persons necessary to assist with the recount and shall appoint such persons equally from lists submitted to the court by the contestant and the contestee. Each person appointed pursuant to this section shall be a disinterested person and a registered voter of the area in which the contested election was held. Each person so appointed shall take the oath prescribed for ... an election judge in the jurisdiction where he is registered.... Each recount shall be completed under the supervision of the court, and the persons appointed to assist with the recount shall perform such duties as the court shall direct. Upon completion of any duties prescribed by the court, the persons appointed to assist with the recount shall make a written and signed report of their findings to the court. The findings of the persons appointed to assist with the recount shall be prima facie evidence of the facts stated therein...."

■ The first component of Hutcheson's third point avers the Circuit Court erred in failing to issue a writ to the county clerk and having the recount properly scheduled. In support of that complaint, Hutcheson relies on § 115.585, RSMo 1986. His reliance is misplaced. Section 115.585 is one of the statutes pertaining to contests of elections other than primary elections. As explained in the fourth paragraph of this opinion, the statutes governing contests of primary elections are, with the exception of § 115.601, grouped in §§ 115.527 through 115.551, RSMo 1986. As § 115.585 is inapplicable to the instant action, any noncompliance with such statute is immaterial. The first component of Hutcheson's third point is without merit.

The second component of Hutcheson's third point alleges the Circuit Court failed to administer the proper oath to the persons making the recount. Hutcheson does not set forth the oath, evidently relying on us to know it. Our search of chapter 115, RSMo 1986, leads us to conclude the oath Hutcheson has in mind is the one appearing in § 115.091.

■ We have scrutinized the record on appeal and have found no recital that the Circuit Court administered any oath to the four individuals named in the "APPOINTMENT OF ELECTORS." We have likewise found nothing demonstrating that the Circuit Court failed to administer such an oath.

In these circumstances we believe the applicable principle is articulated in *White v. Hoffman*, 331 Mo. 115, 52 S.W.2d 830, 831[1] (1932), which holds that a circuit court is presumed to have proceeded without error, and that such presumption abides until the contrary is shown. To the same effect see *Hardy v. McNary*, 351 S.W.2d 17, 20[2] (Mo.1961), and *Morris v. Willis*, 338 S.W.2d 777, 780[7] (Mo.1960).

The record before us does recite that the Circuit Court appointed the four individuals named in the "APPOINTMENT OF ELECTORS" to count the ballots, and that the count was made "as per the appointment of electors executed this date." Given that record, we are unwilling to assume in the face of *White*, *Hardy* and *Morris*

that the Circuit Court overlooked the requirement that the four counters take the prescribed oath. That being so, we need not decide whether neglecting the oath would compel reversal of the judgment. The second component of Hutcheson's third point is denied.

The third component of Hutcheson's third point asserts the Circuit Court failed to properly select the persons making the recount. Hutcheson bases such complaint on the requirement in § 115.543 (quoted *supra*) that each person appointed to assist with a recount "shall be a disinterested person and a registered voter of the area in which the contested election was held."

The complaint is refuted by the "APPOINTMENT OF ELECTORS," which recites that the four individuals named therein are "disinterested electors of the 2nd District of Mississippi County, Missouri." The record thus demonstrates compliance with the above-mentioned proviso of § 115.543, and nothing in the record shows otherwise. The third component of Hutcheson's third point is meritless.

■ The fourth component of Hutcheson's third point assigns error in the Circuit Court's failure to obtain a written and signed report from the persons who made the recount. As we have seen, § 115.543 (quoted *supra*) provides that upon completion of their duties, the persons appointed to assist with the recount shall make a *written* and *signed* report of their findings to the court, and that such report shall constitute prima facie evidence of the facts stated therein.

The only document supplied us that even arguably constitutes such a report was tendered by Blumenberg on September 20, 1988, the day after the case was argued and submitted to us. That document, consisting of 30 pages, is certified by the Clerk of the Circuit Court of Mississippi County as "a true and complete copy of the tally sheets, completed August 8, 1988," for nine precincts and the absentee ballots. The "tally sheets" show vote totals for Hutcheson and Blumenberg in each of the nine precincts—which are identified by name—and also the votes Hutcheson and Blumen-

berg received in the absentee ballots. *See*: § 115.541.2, RSMo 1986. However, the signatures of none of the four counters appear anywhere on any sheet and, as noted earlier, the record recites that the results were announced by Mrs. Smith, the Circuit Clerk. Consequently, the record affirmatively shows that the report of the recount was given to the Circuit Court by someone other than the appointed counters.

The Supreme Court of Missouri cautioned in *Foster*, 751 S.W.2d at 44, that election contest statutes are a code unto themselves, and that the procedures there established are exclusive and must be strictly followed as substantive law. That same warning appeared earlier in *Hockemeier v. Berra*, 641 S.W.2d 67, 69[2] (Mo. banc 1982).

We cannot, with respect to the fourth component of Hutcheson's third point, indulge in the presumption that the Circuit Court proceeded as required by law, as the record and the tally sheets unmistakably show otherwise. Were we to disregard the tally sheets on the ground that they were untimely tendered as a supplement to the record, we would be left with a record containing *no* report whatever by the counters.

The record given us indisputably shows that the Judge of the Circuit Court did not himself count the ballots, and it is equally clear that such task was entrusted to the four counters named in the "APPOINTMENT OF ELECTORS." In such circumstances a written report signed by the counters was essential to establish that they counted all of the votes properly cast for Hutcheson and Blumenberg in all precincts in the Second District of Mississippi County, together with all such votes cast by absentee ballots.

Mindful of the admonition of *Foster* and *Hockemeier* that election contest statutes must be strictly followed, we cannot spurn Hutcheson's complaint about the failure of the counters to supply the Circuit Court a written and signed report of their findings. That does not mean, however, that everything done in the Circuit Court must be cast aside.

We have found no reversible error in any of Hutcheson's points except his complaint about the lack of a report required by § 115.543. Accordingly, we have concluded that *if*, on remand, the four appointed counters, within such time as shall be fixed by the Circuit Court, shall file with such Court a report of their findings in compliance with § 115.543, and *if* the Circuit Court finds from such report that the recount was conducted by the counters in strict compliance with all pertinent statutory requirements, the Circuit Court may proceed forthwith to enter judgment pursuant to § 115.545, RSMo 1986.

If, however, the Circuit Court finds from such report that the recount was not conducted by the counters in strict compliance with all pertinent statutory requirements, or if no such report is filed with the Circuit Court within such deadline, the Circuit Court shall, as expeditiously as possible, proceed with a new recount, strictly observing the requirements of §§ 115.541 and 115.543. Such a recount should be relatively uncomplicated, as (a) Blumenberg's petition did not allege any irregularity, (b) Hutcheson filed no answer identifying any votes he wished to contest, and (c) Hutcheson's time for answering has long since expired.

The Circuit Court need not conduct a new preliminary hearing, as we have rejected Hutcheson's claim of error regarding the preliminary hearing of August 8, 1988. Moreover, Hutcheson has conceded in his brief that Blumenberg is entitled to a recount by § 115.601.

The judgment is reversed and the cause is remanded to the Circuit Court of Mississippi County for further proceedings in accordance with this opinion.

HOLSTEIN, C.J., and PREWITT, J., concur.

GREENE, J., not participating.