**HOMETOWN LUMBER AND HARDWARE, INC.,**
Respondent,

v.

**James KOELLING, d/b/a Jim's Drywall, Appellant.**

No. 73874.

Supreme Court of Missouri,
En Banc.

Oct. 16, 1991.

C. Christy Barton, Jefferson City, for appellant.

Bradley Lockenvitz, Linn, for respondent.

PER CURIAM:

This appeal arises from an order overruling a motion to set aside a default judgment. The appellant presents two points that charge the trial court with error in refusing to set aside the default judgment: (1) the summons issued failed to comply with the requirements of § 517.041.1, RSMo 1986, and (2) the summons failed to comply with the requirements of Rule 54.-02. The appeal was originally filed in the Court of Appeals, Western District, which transferred the case to this Court. Rule 83.02. This Court has jurisdiction. Art. V, § 10 Mo.Const. The judgment is affirmed.

On December 16, 1987, respondent filed this action in the associate circuit division of the circuit court seeking the sum of $11,840.64, plus interest and costs, alleged to be due from appellant on an open account for goods and merchandise furnished and sold to appellant by respondent. On December 18, 1987, summons issued, containing a return date of January 20, 1988. Service was had on appellant on January 4, 1988. Appellant failed to appear and default judgment in the sum of $11,840.64 plus interest and costs was entered on January 20, 1988. On June 23, 1989, counsel entered an appearance for appellant. On June 28, 1989, appellant moved to set aside the default judgment. On June 25, 1990, the court overruled appellant's motion, and on August 6, 1990, this appeal followed.

Appellant first argues that the court lacked jurisdiction to enter the default judgment because the summons issued by the clerk failed to substantially comply with the requirements of § 517.041.1,

RSMo 1986. The pertinent portion of this section reads as follows:[1]

**517.041. Summons, how served.—1.** The process in all cases shall be a summons with a copy of the petition of the plaintiff attached, directed to the sheriff or other proper person for service on the defendant. The summons shall command the defendant to appear before the court on a date and time, not less than ten days nor more than thirty days from the date of service of the summons, and advise the defendant of pleadings required or permitted to be filed.

As noted above, summons was issued against appellant on December 18, 1987. The pertinent portion of that summons reads as follows:

IN THE CIRCUIT COURT, DIVISION III WITHIN AND FOR THE COUNTY OF COLE, STATE OF MISSOURI

BEFORE THE HONORABLE MCCORMICK V. WILSON, JUDGE OF SAID COURT

THE STATE OF MISSOURI, To the Sheriff of Cole County, Missouri:

You are hereby commanded to summon the defendant JAMES KOELLING d/b/a JIM'S DRYWALL to appear in the above mentioned Circuit Court, Division III, before the above named Judge thereof, at his court room [sic] in the Court House [sic] in the City of Jefferson, State and County aforesaid at 9:00 A.M. in the forenoon on [the] 20th day of JANUARY, 1988, to answer, the complaint of HOMETOWN LUMBER AND HARDWARE INC. which complaint is founded upon PETITION, in which complaint, the plaintiff, demands judgment in the sum of $11,840.64, inter., atty. fee, together with his costs herein expended; and have you then and there this writ, together with your manner of executing same.

Issued this 18th day of DECEMBER, 1987.

When the above-quoted statutory language is compared with the Cole County summons, it is obvious that the latter doc-ument does not include any language referring to the statutory language, "and advise the defendant of the pleadings required or permitted to be filed." As a result of the absence of the statutory language, appellant argues that the summons did not conform to § 517.041.1, preventing the court from acquiring jurisdiction over him, causing the default judgment to be void.

The order overruling appellant's motion to set aside the judgment contained the following language:

The Court again takes up the Defendant's Motion to Set Aside Default Judgment filed herein on June 28, 1989 and Defendant's Suggestions in Support thereof filed herein on June 1, 1990....

The Court determines that the Summons dated December 18, 1987 served on this Defendant on January 4, 1988 did not comply with Section 517.041.1 RSMo, as that statute was then written.

This Court now rules that that Summons was neither void nor voidable, but was merely irregular. The Default Judgment based on that Summons is not subject to the attack this Defendant makes on it.

The jurisdictional purpose of a Summons is to notify the Defendant when and where the case will be taken up for further action. That purpose was met in this case.

This Court holds, in an apparent case of first impression, that the former requirement in Section 517.041.1 RSMo that the Summons "advise the defendant of the pleadings required or permitted to be filed" is not jurisdictional, but merely directory.

That requirement, taken literally, imposes an impossible requirement. While it would be possible in a given case to list those pleadings "required", it is not possible to list the pleadings "permitted". That list would be limited only by the creativity of the pleader.

To require now, in 1990, as a matter of jurisdiction, that that impossible list of

---

**1.** This section was amended in 1988 by deleting the phrase "and advise the defendant of plead- ings required or permitted to be filed."

"pleadings permitted" must have been listed on each Summons issued during the time the language was in the Statue [sic] would be to completely overturn the orderly business of the courts throughout the state.

Where a statute provides that some certain action "shall" be taken but then provides no consequences for the failure to take that action, the courts have been willing to find that the language is "directory" even though the form is "mandatory". That surely is required here where the constitutional duty is met and the formal requirement is impossible.

■ The underlying question before this Court is simply: Does the failure of a summons to "advise the defendant of pleadings required or permitted to be filed" render the summons jurisdictionally fatal?

The appellant contends that the omitted language was mandatory and that its omission prevented the court from acquiring jurisdiction. He cites to this Court several authorities that he concludes rule the question. The first is an Arkansas case, *Tucker v. Johnson*, 275 Ark. 61, 628 S.W.2d 281 (1982), which this Court finds not applicable. Next mentioned is *Mitchell v. Carrington*, 610 S.W.2d 412 (Mo.App.1980). *Mitchell* pertained to the challenge of an election result and involved § 115.579, RSMo 1978. As regards the service of process under § 115.579, *Mitchell* is no longer valid authority due to this Court's decision in *Foster v. Evert*, 751 S.W.2d 42 (Mo. banc 1988). *See also Authenreith v. Conner*, 755 S.W.2d 287 (Mo.App.1988). *Mitchell* simply does not apply herein even in light of appellant's quoted language from that opinion, to wit, that "Missouri cases have required strict compliance with statutory requirements relating to the form and service of process." *Mitchell, supra*, at 413–414. It is noted that appellant also cites *State ex rel. Craig v. Grimm*, 542 S.W.2d 335 (Mo.App.1976), which fails to apply for the same reasons given above regarding *Mitchell*.

Other authority cited by appellant includes *Henman v. Westheimer*, 110 Mo. App. 191, 85 S.W. 101, 103 (1905), which stands for the rule that service "of a void summons is equivalent to no service." However, *Henman* also ruled that failure of the docket of the Justice of the Peace to contain an entry showing issuance of summons and a return against the defendant was a mere irregularity and did not void either the process or the judgment entered. Hence, *Henman* has no direct bearing upon the present case.

Along this same line of argument, the Court's attention is drawn to *Moore v. Morehead*, 666 S.W.2d 460 (Mo.App.1984), another election contest. The issue in *Moore* was the effect to be given to a summons issued by a circuit clerk when a circuit clerk is a party to litigation and the pertinent statute required the summons to be issued by the clerk of the county court. *Moore* involved former § 51.120, RSMo 1978, and has no application to the present proceedings.

■ It is a part of our law that a defect in the form of a summons does not render the summons fatal nor deprive a court of jurisdiction. *Hirst v. Cramer*, 195 S.W.2d 738, 740 (Mo. banc 1946). *See also Jones v. Jones*, 712 S.W.2d 465, 466 (Mo. App.1986). Inherent in our law has long been the concept that the underlying principle of a summons is to place a defendant on notice of an action filed against the defendant to enable the defendant to appear and defend against the action. Review of the summons herein reflects that the requirements of that underlying principle were met.

This Court finds persuasive the rationale set forth by the trial judge, concluding that the disputed terminology is "merely directory." The phrase, "and advise the defendant of the pleadings required or permitted to be filed" as previously contained in § 517.041.1 (prior to the 1988 amendment) was merely directive in nature. The absence of that terminology in an otherwise valid summons did not deprive the trial court of jurisdiction.

■ In his second point the appellant contends that Rule 54.02 not only applies but controls the matter. Rule 54.18 pro-

vides that where a statute contains provisions for a method of service, service may be made pursuant to the provisions of the statute or as provided by the rules of civil procedure. Having complied with the mandatory requirements of § 517.041, RSMo 1986, the summons in this case is not invalid for failure to conform to Rule 54.02. *Collector of Revenue v. Parcels of Land,* 585 S.W.2d 486 (Mo. banc 1979); *State ex rel. LIRC v. Elliston,* 779 S.W.2d 733 (Mo. App.1989).

The summons in this case complied with the mandatory requirements of § 517.041, RSMo 1986. The trial court did not err in overruling appellant's motion to set aside the default judgment. The judgment is affirmed.

ROBERTSON, C.J., and RENDLEN, COVINGTON, HOLSTEIN, BLACKMAR and BENTON, JJ., concur.

PREWITT, Special Judge, concurs in result.

THOMAS, J., not participating because not a member of the Court when case was submitted.